IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ETERNAL JEWELERS, INC., | ) | Case No. 18 B 13761 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date & Time: |
| | ) | April 2, 2019 @ 9:30 a.m. |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on April 2, 2019, at 9:30 a.m., I shall appear before the Honorable Deborah L. Thorne, or any other judge sitting in her stead, in Room 680, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on Debtor's Attorneys' Application for Allowance of Final Compensation and Reimbursement of Costs and Allowance of Administrative Priority Claim, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 5th day of March, 2019.

                 /s/ Gregory K. Stern
                 Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
Dennis E. Quaid (Atty. ID #2267012)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street
Suite 873
Chicago, Illinois 60604

Michael J. Linneman
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603

Fred R. Harbecke
53 West Jackson Boulevard
Suite 1510
Chicago, Illinois 60604

Kenneth D. Peters
70 West Hubbard Street
Suite 200
Chicago, IL 60604

Zane Zielinski
6336 North Cicero Avenue
Suite 201
Chicago, Illinois 60646

Joji Takada
6336 North Cicero Avenue
Suite 201
Chicago, Illinois 60646

**Parties Served Via U.S. Mail**

Eternal Jewelers, Inc.
12929 West 159th Street
Homer Glen, Illinois 60491

Asher Jewelry Co., Inc.
48 West 48th Street, 3rd Floor
New York, NY 10036

AT&T
P.O. Box 5080
Carol Stream, IL 60197

B. Jewels
6 South Wabash Avenue, Suite 10
Chicago, IL 60603

Bulova Corporation
350 Fifth Avenue
29th Floor
New York, NY 10118

Chicago Lapidary Co
29 East Monroe Street
Chicago, IL 60602

Delstar USA LLC/Core
P.O. Box 549
Wayne, IL 60184

Delstar USA LLC/Stargems Group
245 E. 58th Street
Suite 10 D
New York, NY 10022

Direct Capital Loan
P.O. Box 856502
Minneapolis, MN 55485

Eugene Gems
550 S. Hill Street, #816
Los Angeles, CA  90013

Farmer's Insurance Exchange
P.O. Box 4665
Carol Stream, IL 60197

Fayed Yasin
15929 S. Oak Valley Court
Homer Glen, IL 60491

First Bank
P.O. Box 790269
Saint Louis, MO 63179

Gemstar
590 Fifth Avenue
17th Floor
New York, NY 10036

Genuine Gems
5 South Wabash Avenue, Suite 916A
Chicago, IL 60603

Illinois Department of Employment
Security
33 South State Street
10th Floor
Chicago, IL 60603

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

K&L Watch Services
800 West Central Road, Suite 103
Mount Prospect, IL 60056

Livingston Jewelry
631 South Olive Street, Suite 340
Los Angeles, CA 90014

Premar Security Services
PO Box 1101
Davenport, IA 52805-1101

Robert W. West
11818 Brookshire Drive
Orland Park, IL 60467

S. Kashi & Sons
175 Great Neck Road
Suite 204
Great Neck, NY 11021

Stargems Group
245 East 58th Street
Suite 10 D
New York, NY 10022

The Standout Design  
607 South Hill Street, Suite 655  
Los Angeles, CA 90014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ETERNAL JEWELERS, INC., | ) | Case No. 18 B 13761 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date & Time: |
| | ) | April 2, 2019 @ 9:30 a.m. |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF COSTS AND ALLOWANCE OF ADMINISTRATIVE PRIORITY CLAIM**

Now Comes Gregory K. Stern, Monica C. O'Brien, Rachel S. Sandler and Dennis E. Quaid of Gregory K. Stern, P.C. (the "Attorneys"), Attorneys for Eternal Jewelers, Inc., Debtor and Debtor In Possession, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $19,275.00 for 41.90 hours of legal services rendered to the Chapter 11 Debtor In Possession, reimbursement of costs in the amount of $1,913.00, and allowance of an Chapter 11 administrative priority claim in the amount of $4,471.00 and, in support thereof, state as follows:

1.   On May 10, 2018, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, on August 23, 2018, the Debtor's Chapter 11 was converted to a proceeding under Chapter 7.

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.   In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to the Debtor, United States Trustee, Chapter 7 Trustee and all creditors and parties in interest.

4.   On May 9, 2018, the Debtor and the Attorneys entered into an agreement whereby the Attorneys agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement

to pay for professional services rendered in accordance with the Attorneys' hourly fee schedule in effect from time to time. Prior to filing the Attorneys received an advance payment retainer in the amount of $15,000.00 for professional services to be rendered.

5. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.

6. On or about June 5, 2018, this Court entered an Order Authorizing Employment of Attorneys authorizing the employment of the Attorneys, as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

7. The Attorneys have not previously sought the allowance of interim compensation.

8. On December 4, 2018, the Attorneys filed a Proof of Claim reflecting an administrative claim, pursuant to 11 U.S.C. Section 507(a)(2), in the amount of $4,471.00 (Claims Register Claim Docket No. 12-1)(the "Administrative Proof of Claim"). A copy of the Administrative Proof of Claim is attached hereto and made a part hereof.

8. The Attorneys have expended 41.90 hours of professional services from May 4, 2018 through August 23, 2018, as more fully set forth in detail in the Time Sheets (pages 1 – 7) attached to the Administrative Proof of Claim.

9. The professional services rendered from May 4, 2018 through August 23, 2018, are set forth in detail in the Time Sheets (pages 1 – 7) and are summarized and include the following:

**a)** Meetings, teleconferences and correspondence with Debtor's management regarding representation of the Debtor in Possession, books, records and information required, Operating Instructions and Reporting Requirements of US Trustee, timing and preparation of operating reports, monthly preparation of same, maintenance of DIP bank account, insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, preparation of Chapter 11 Schedules and Statement of Financial Affairs, case disclosures, attendance at meeting of creditors; and communications with creditors,

creditor attorney, and other parties in interest; **b)** Communications with the U.S. Trustee's office regarding case filing, case administration, Debtor's books and records, status of DIP operations, turnover of Chase funds; **c)** Communications with creditors and creditors' attorneys regarding Chapter 11 case, turnover of funds; **d)** Investigating Debtor's assets and liabilities and reviewing documentation relating to same, financial books and records, accounts receivable, claims, dip account; review prior case filings and pleadings; legal research regarding standards for dismissal; and, reviewing proofs of claim; **e)** Drafting Petition, Schedules of Twenty Largest Unsecured Creditors, Chapter 11 Schedules, Statement of Financial Affairs, amendments and miscellaneous documents; **f)** Representation at initial debtor interview and meeting of creditors; **g)** Services relating to operating reports and other reporting requirements; **h)** Drafting Motion to Set Claims Bar Date, Notices, Order, Certificate of Service, Service List, Application to Employ Counsel, Affidavits, Notice and Order, Adversary Complaint for Turnover of Chase Funds, Answer to Simon Property Motion to Dismiss or Modify Automatic Stay; Motion to Approve Sale of Assets; and Motion to Convert Case to Chapter 7; **i)** Court appearances relating to status hearings, Application to Employ Counsel, Motion to Set Claims Bar Date, Adversary Complaint for Turnover of Chase Funds, Landlord's Motion to Dismiss or Modify Automatic Stay, Motion to Approve Sale and Motion to Convert; **j)** Organizing and maintaining Debtor's files; and, **k)** General case administration matters.

10. All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's Chapter 11 case, and, as such, all of the services rendered were authorized pursuant to this Court's Order Authorizing Employment Of Counsel. No time has been included for services that are in the nature of clerical work. The Attorneys further stating that there has been no duplication of services by Dennis E. Quaid, Monica C. O'Brien, Rachel S. Sandler or Gregory K. Stern.

11. The value of the professional services rendered by the Attorneys to the Debtor In

Possession, from May 4, 2018 through August 23, 2018, is $19,275.00; and the actual and necessary costs expended by the Attorneys is $1,913.00 as detailed on the Time Sheets (page 6) attached to the Administrative Proof of Claim.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, Rachel S. Sandler and Dennis E. Quaid pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, *i)* allowing Gregory K. Stern, P.C. final compensation in the amount of $19,275.00 for professional services rendered and reimbursement in the amount of $1,913.00 for costs incurred; *ii)* allowing the Attorneys a Chapter 11 administrative priority claim in the amount of $4,471.00; and, *iii)* for such other relief as this Court deems just.

By:   /s/ Gregory K. Stern
Gregory K. Stern, Debtor's Attorney

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
Dennis E. Quaid (Atty. ID #2267012)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558